IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF HIGH TIDE ENTERPRISES, INC. *d/b/a* | § | |
| CAPITAL CRUISES, *as owner/operator of the* | § | |
| *M/V PRIDE & JOY II and its engines, equipment,* | § | 1:23-CV-1494-DII |
| *tackle, apparel and appurtenances*, FOR | § | |
| EXONERATION FROM AND/OR | § | |
| LIMITATION OF LIABILITY | § | |

## ORDER

Before the Court are Limitation Petitioner High Tide Enterprises, Inc. *d/b/a* Capital Cruises's ("Limitation Petitioner") Request for Clerk's Entry of Default, (Dkt. 9); Claimant Gigi Bryant's ("Claimant") Objection to Limitation Petitioner's Request for Clerk's Entry of Default, (Dkt. 11); Claimant's Amended Motion for Leave to File Notice of Claim, (Dkt. 13); and Limitation Petitioner's Response to Claimant's Amended Motion for Leave to File Notice of Claim, (Dkt. 14). After reviewing the pleadings, the relevant case law, and the entire case file, the Court hereby issues the following order.

## I. BACKGROUND

On June 9, 2023, Claimant was allegedly injured on Limitation Petitioner's boat on Lady Bird Lake in Austin, Texas when the bathroom door fell on her. (Compl., Dkt. 1). On December 8, 2023, Limitation Petitioner timely filed a complaint for limitation of liability, asking the Court to limit its liability for the events that day to the value of the boat plus freight ($237,259.81) for all potential claimants from the voyage. (*Id.*). That same day, Limitation Petitioner filed three motions, which the Court granted on December 14, 2023: (1) Motion to Approve Order of Limitation and Petitioner's Stipulation of Value, Direct the Issuance of Notice, and Restrain the Prosecution of Claims, (Mot., Dkt. 2; Order, Dkt. 5); (2) Motion to Approve the Notice of Complaint for Exoneration from

and/or Limitation of Liability, (Mot., Dkt. 3; Order, Dkt. 6); and (3) Motion to Deposit Funds Into Registry, (Mot., Dkt. 4; Order, Dkt. 7).[1]

The Court's limitation and stipulation order stated:

> 2. Any claimant who may properly become a party hereto may contest the amount or value of Limitation Petitioner's interest in the MN PRIDE & JOY II and her pending freight and may move the Court for a new appraisal of the said interest and may apply to have the amount increased or decreased, as the case may be, on determination of the Court.
>
> 3. A notice shall be issued by the Clerk of this Court and under the seal of this Court, and be served by Limitation Petitioner on all persons asserting claims with respect to which the Complaint seeks limitation, admonishing them to file their respective claims with the Clerk of this Court in writing, and to serve on the attorneys for the Limitation Petitioner a copy thereof on or before the 12th day of February, 2024, or be defaulted, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability he shall file and serve on attorneys for Limitation Petitioner an answer to the Complaint, so designated, or be defaulted.
>
> 4. The aforesaid notice shall be published by Petitioner in the *Austin American-Statesman* once a week for eight (8) successive weeks prior to the date fixed for the filing of claims, as provided by the aforesaid Rule F; and copies of the notices shall also be mailed in accordance with said Rule F.

(Order, Dkt. 5, ¶¶ 2–4). The order also stayed any further prosecution of claims brought against Limitation Petitioner until the resolution of the instant action. (*Id.* ¶ 5).

On February 26, 2024, Limitation Petitioner filed its Notice of Proof of Publication of Legal Notice. (Notice, Dkt. 8; *see also* Proof of Publication, Ex. A, Dkt. 8-1). In its notice, Limitation Petitioner states that "[t]he 'Notice of Complaint of Exoneration from and/or Limitation of Liability' was published on December 20, 2023, December 27, 2023, January 3, 2024, January 10, 2024, January 17, 2024, January 24, 2024, January 31, 2024 and February 7, 2024, in the Austin

---

[1] On March 12, 2024, Limitation Petitioner deposited the required funds into the registry. (Dkt. 15).

*American-Statesman*, pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and this Court's" order. (Notice, Dkt. 8).

On March 4, 2024, Limitation Petitioner filed its Request for Clerk's Entry of Default. (Dkt. 9). That same day, Claimant filed an Objection to Limitation Petitioner's Request for Clerk's Entry of Default, (Dkt. 11), and a Motion for Leave to File Notice of Claim, (*see* Am. Mot., Dkt. 13 (filed Mar. 6, 2024)). On March 7, 2024, Limitation Petitioner filed its Response to Claimant's Amended Motion for Leave to File Notice of Claim. (Dkt. 14).

## II. STANDARD OF REVIEW

The Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. § 30501, allows shipowners to limit their liability to the value of the owner's interest in the vessel and its pending freight where an injury or loss occurs without the shipowner's privity or knowledge. Congress passed the Limitation Act in 1851 "to encourage ship-building and to induce capitalists to invest money in this branch of industry." *Norwich & N.Y. Transp. Co. v. Wright*, 80 U.S. 104, 121 (1871). Thus, innocent shipowners are exempted from liability beyond the amount of their interest in the vessel and its pending freight.

The Limitation Act provides shipowners with two means to initiate their limitation of liability rights. A shipowner can assert the Limitation Act as an affirmative defense in any court, including a state court. *See Langnes v. Green*, 282 U.S. 531, 543 (1931). Alternatively, a shipowner facing potential liability for an accident occurring on the high seas may file suit in federal court seeking protection under the Limitation Act. 46 U.S.C. § 30511. Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims sets forth the procedure for a limitation action. *See* Fed. R. Civ. P. Supp. R. F. An owner seeking to invoke the Limitation Act by filing a federal court lawsuit must do so within six months of receiving notice of a claim. 46 U.S.C. § 30511. Such a lawsuit shall be filed in any district in which the vessel has been attached or arrested; or, if the vessel has not been

attached or arrested, in any district in which the owner has been sued with respect to such claim. *See* Fed. R. Civ. P. Supp. R. F(9).

A shipowner seeking to limit liability must deposit an amount equal to the value of the interest in the vessel and its pending freight with the court or give security for such value. *See* 46 U.S.C. § 30511. This is referred to as the limitation fund. When a shipowner makes such a deposit or posts security, the district court must enter an injunction staying the further prosecution of claims brought against the shipowner. *See id.* While the stay is in effect, the federal district court will issue a notice to all persons with potential claims arising from the casualty to file their respective claims in the limitation proceeding. *See* Fed. R. Civ. P. Supp. R. F(4). This procedure "is known as a 'concursus,' and the purpose behind such a proceeding in federal court is to permit all actions against the shipowner to be consolidated into a single case so that all claims may be disposed of simultaneously . . . ." *Karim v. Finch Shipping Co., Ltd.*, 265 F.3d 258, 264 (5th Cir. 2001).

A claimant who fails to file a claim in the limitation action faces the penalty of default. This means that a claimant who fails to appear in the limitation action is forever prohibited from bringing a claim arising out of or in connection with the alleged incident. *See* Fed. R. Civ. P. Supp. R. F(5) ("If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint . . . ."); *see also Matter of Gringo Honeymoon, Corp.*, No. 3:18-CV-00124, 2018 WL 6984838, at *3 (S.D. Tex. Nov. 27, 2018), *report and recommendation adopted*, No. 3:18-CV-00124, 2019 WL 147722 (S.D. Tex. Jan. 9, 2019). Under Federal Rule of Civil Procedure 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "Default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." *Can Capital Asset Servicing, Inc. v. Huerta, Jr.*, No. SA-15-CV-1049-XR, 2016 WL 8223267, at *1 (W.D. Tex. Mar. 31, 2016) (citing Fed. R. Civ. P. 55). After the defendant's

default has been entered by the clerk of the court, the "plaintiff may apply for a judgment based on such default." *New York Life Ins. Co.*, 84 F.3d at 141. A party is not entitled to a default judgment as a matter of right, even where the defendant technically is in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

## III. DISCUSSION

### A. Motion for Entry of Default

While default has not yet been entered (the procedural first step in the process), the Court finds it useful to consider the case law disfavoring default judgments (the substantive second step in the process). Defaults "are not favored," and "their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 685 (5th Cir. 1991)). The Fifth Circuit, specifically, has adopted a policy "in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). An entry of default may be set aside simply "for good cause." Fed. R. Civ. P. 55(c). The requirement of "good cause" has thus been interpreted liberally. *Id.* In making this determination, the court should consider: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting it aside would prejudice the adversary. *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). These factors are not exclusive; rather, "they are to be regarded simply as a means to identify good cause." *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party "acted expeditiously to correct the default," may also be considered. *Id.* Weighing these factors against considerations of social goals, justice, and expediency is a process that "lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936.

Applying this framework to this case, the Court finds that entry of default is not warranted, even though on its face, Limitation Petitioner has met the requirements for default. The Court, pursuant to the requirements for notice to all potential claimants under Supplemental Admiralty Rule F, ordered publication of a notice regarding this action in a Texas newspaper of general circulation. *See* Fed. R. Civ. P. Supp. R. F(4). The Court also set a filing deadline of February 12, 2024 for all claims related to the subject matter of this action. (Order, Dkt. 5, ¶ 3). Limitation Petitioner gave proper notice to any prospective claimants by posting the notice in the *Austin American-Statesman* once a week for eight successive weeks prior to the filing deadline of February 12, 2024. (Order, Dkt. 5, ¶ 4). Limitation Petitioner was also required to "mail a copy of the notice to every person known to have made any claim against the vessel" in accordance with Rule F. Fed. R. Civ. P. Supp. R. F(4). Limitation Petitioner did so by emailing and mailing copies of the notice to Claimant. (Mot., Dkt. 9, at 2). However, Claimant has informed the Court that she was under the belief that she already "timely put [Limitation Petitioner] on notice of her claim" prior to the filing of the instant lawsuit by emailing Limitation Petitioner on June 12, 2023 and sending a written demand to Limitation Petitioner on November 7, 2023. (Resp., Dkt. 11, at 3). Further, Claimant asserts that she also "believed in good faith that [Limitation] Petitioner was already on notice of Claimant's claim because [Limitation] Petitioner directly stated they were" on notice in the complaint in this action. (Am. Mot., Dkt. 13, at 4).

The Court finds that entry of default is not warranted under the circumstances of the case. First, the Court finds that Claimant "acted expeditiously" upon receiving notice of Limitation Petitioner's motion for entry of default because she filed her objection and her initial motion for leave to file a claim on the same day that Limitation Petitioner filed its motion for entry of default. (*See* Mot., Dkt. 9; Resp., Dkt. 11; *see also* Am. Mot., 13). Second, while Limitation Petitioner expended time and resources briefing the instant motions, Limitation Petitioner will not be greatly

prejudiced by a claim that it previously knew about—and which was the reason for initiating the instant action. (*See* Compl., Dkt. 1, ¶ 9 ("Limitation Petitioner desires to contest any liability of it and of the Vessel for the damages allegedly sustained by those affected by the events in question and the Subject Incident, and for any and all losses and damages, if any, which occurred during the voyage or on the occasion in question.")).

Furthermore, the Court finds that it is in the interest of justice to allow Claimant to file a late notice of claim. "Under our system of justice, the opportunity to be heard is the most fundamental requirement." *New York Life Ins. Co.*, 84 F.3d at 143 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard.")). If the Court were to enter default and grant default judgment in favor of Limitation Petitioner, Claimant would be forever prohibited from bringing a claim arising out of or in connection with the alleged incident. *See* Fed. R. Civ. P. Supp. R. F(5); *see also Gringo*, 2018 WL 6984838, at *3. Claimant has represented to the Court that her failure to file a claim in this action resulted from a misunderstanding, and she has taken prompt action to resolve this issue. The Court cannot find that this failure was willful. Accordingly, the Court will deny Limitation Petitioner's motion for entry of default. (Dkt. 9).

### B. Motion for Leave to File a Claim

Claimant asks the Court to allow her to file a late claim. (Am. Mot., Dkt. 13). Supplemental Admiralty Rule F(4) provides: "For cause shown, the court may enlarge the time within which claims may be filed." Because of "a limitation of liability proceeding's short limitation period and lack of formal process," this is a forgiving standard. *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993). Admiralty law "is administered with equitable liberality and a simultaneous freedom from restraints or frustrations occasioned by technicalities or formal imperfections." *Tex. Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.2d 359, 362 (5th Cir. 1963). However, "relief from a

tardy claim is not a matter of right. It depends upon an equitable showing." *Tex. Gulf Sulphur Co.*, 313 F.2d at 363. The court "should consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late." *Golnoy Barge Co.*, 980 F.2d at 351. Here, the Court finds that all three factors weigh in favor of allowing Claimant to file a late claim. First, Claimant moved for leave the same day she received notice of Limitation Petitioner's motion for entry of default, which was only three weeks after the deadline for filing claims. Second, allowing Claimant to file a late claim will not adversely affect the rights of Limitation Petitioner, who was already aware of the likelihood that Claimant would file a claim. Third, Claimant has informed the Court that she did not previously file a claim because she believed that she had already put Limitation Petitioner on notice of her claim. Accordingly, the Court finds that the equitable result is granting Claimant leave to file a late claim.

### IV. CONCLUSION

For the reasons stated herein, the Court hereby **DENIES** Limitation Petitioner's Request for Clerk's Entry of Default. (Dkt. 9). The Court further **GRANTS** Claimant's Amended Motion for Leave to File Notice of Claim. (Dkt. 13). **IT IS ORDERED** that Claimant shall file her notice of claim on or before **April 9, 2024**.

**SIGNED** on March 26, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE